UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANDREW DAVID WETZEL | * | CIVIL ACTION |
| VERSUS | * | NO. 11-695 |
| ROBERT C. TANNER, WARDEN | * | SECTION "N"(6) |

REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b) (1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

In this petition, Andrew David Wetzel seeks relief from his June 6, 2008, convictions via guilty plea, arising from the Twenty-Second Judicial District Court

for the Parish of St. Tammany.[1] The Court, however, does not reach the merits of the instant petition since Wetzel has failed to exhaust his available state court remedies. 28 U.S.C. § 2254; *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821 F. 2d 1112, 1117 (5th Cir. 1987). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F. 2d 699, 702 (5th Cir. 1988).

Pursuant to this Court's independent research, it was ascertained that the Louisiana Supreme Court has rendered no adjudication with regard to Wetzel's June 6, 2008, convictions. In fact, pursuant to a telephone conference with the Clerk's Office for the Louisiana Supreme Court, it was discovered that Wetzel currently has only one writ application pending in the state's highest court.[2] Until a final determination is made upon each and every one of Wetzel's claims in the highest state court, said claims having been presented in a procedurally proper manner, this court

---

[1] Wetzel raises three claims for relief in his federal petition: ineffective assistance of counsel; involuntary confession; and, failure to give *Miranda* warnings.

[2] Writ No. 2010-KH-1888 is pending in the Louisiana Supreme Court, pertaining to Case No. 472552, 22nd Judicial District Court, Parish of St. Tammany. According to the Clerk, the petition filed there pertains only to a motion to recuse the district judge and not a challenge to any particular conviction.

cannot review Wetzel's habeas claims.  Accordingly;

## RECOMMENDATION

It is hereby RECOMMENDED that the petition of Andrew David Wetzel for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc). [3]

New Orleans, Louisiana, this 6th day of April, 2011.

_____
LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3]*Douglas* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.